J-S22022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GREGORY PERSON | |
| Appellant | No. 1367 MDA 2016 |

Appeal from the Order Entered July 22, 2016
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000566-1994

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED NOVEMBER 20, 2017**

Gregory Person appeals the July 22, 2016 order entered in the Lycoming County Court of Common Pleas denying his motion to enforce negotiated plea contract.  We vacate and remand in light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, ___ A.3d ____, 2017 WL 3173066 (Pa. July 19, 2017).

On November 7, 1994, Person pled guilty to statutory rape, involuntary deviate sexual intercourse, and corruption of minors.[1]  That same day, the trial court sentenced Person to an aggregate sentence of 5 to 10 years' incarceration.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122, 3123(a)(1), and 6301(a), respectively.

On October 5, 2015, Person filed a *pro se* motion to enforce negotiated plea contract. The court appointed counsel, who filed an amended motion to enforce negotiated plea contract arguing, among other things, that Person should not be required to register under the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.44, because such registration was not part of his plea agreement.

The parties agreed to stipulated facts, including:

> 4. At the time of the plea and subsequent sentencing, Pennsylvania did not have any type of sexual offender registration requirements in place.
>
> 5. [Person] served his sentence and was released from the state correctional institution on June 23, 2003.
>
> . . .
>
> 7. During [Person's] period of incarceration, Pennsylvania enacted and made effective Megan's Law, which later became SORNA.
>
> 8. [Person] first registered with the Pennsylvania State Police on June 6, 2003, prior to his release from prison, as required by law.

Opinion, 7/22/16, at 3-4.

On July 22, 2016, the trial court denied the motion to enforce negotiated plea contract. Person filed a timely notice of appeal.

On appeal, Person raises the following issues:

> I. The Trial Court erred when it denied [Person's] Motion to Enforce a Negotiated Plea Agreement.
>
> II. The Trial Court erred when it ruled that [Person's] due process rights were not violated when [Person] was classified as a sexual offender and required to register as such.

- 2 -

III. The Trial Court erred when it declined to address the issues of ex post facto impairment of contracts, privacy, and reputation.

Person's Br. at 6.

On July 19, 2017, the Pennsylvania Supreme Court issued its decision in **Muniz**, concluding that SORNA's registration provisions are punitive and, thus, that retroactive application of SORNA's registration provisions violates the *ex post facto* clauses of the federal and Pennsylvania constitutions. 2017 WL 3173066, at *1.[2]

Because the application of SORNA to Person appears to be unconstitutional under **Muniz**, we vacate the order denying the motion to enforce negotiated plea contract and remand to the trial court for further proceedings consistent with that decision.[3]

_____

[2] While the lead opinion in **Muniz** was joined in full by only three Justices, that opinion, read together with the concurring opinion authored by Justice Wecht and joined by Justice Todd, supports the statement of the holding set out above. Justice Wecht's opinion disagreed with the lead opinion's conclusion that the Pennsylvania Constitution's *ex post facto* clause provides greater protection than its federal counterpart. The concurring opinion concluded that:

> [T]he state and federal *ex post facto* clauses are coterminous. Nonetheless, as the lead opinion's thorough analysis makes clear, OAJC at 27-45, applying the federal *ex post facto* standards also leads to the conclusion that SORNA is punitive and cannot be applied retroactively.

**Muniz**, 2017 WL 3173066, at *34 (Wecht, J., concurring).

[3] At the time Person pled guilty, no statute in Pennsylvania required registration as a sex offender. Accordingly, it does not appear that non-registration was, or could have been, a condition of the plea agreement. **Cf.**

Order vacated.  Case remanded.  Jurisdiction relinquished.[4]

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/20/2017

---

**Commonwealth v. Martinez**, 147 A.3d 517. 532-33 (Pa. 2016) (concluding that plea agreement included term related to registration  where registration requirements were discussed at hearing,  where Commonwealth stipulated that it agreed to a specific number of years of registration, or where requirements expressly included as term of plea agreement).

Megan's Law became effective prior to Person's release from prison and requires Person to register as a sex offender for his lifetime.  **See** 42 Pa.C.S. § 9795.1(2) (requiring defendants convicted of involuntary deviate sexual intercourse to register for life); **Commonwealth v. Williams**, 832 A.2d 962, 982 (Pa. 2003) (concluding registration, notification, and counseling requirements of Megan's Law II do not constitute punishment).  SORNA, however, enhanced the registration requirements, and retroactive application of these requirements to Person runs afoul of constitutional *ex post facto* prohibitions.  **See Muniz**, 2017 WL 3173066, at *1.

[4] Counsel's application to withdraw as counsel is denied.